# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANUEL SUVILL and RASHAN BESWICK, individually and on behalf of all other persons similarly situated who were employed by BOGOPA SERVICE CORP. d/b/a FOOD BAZAAR and FOOD DIMENSIONS, HWEE III AM, or any other entities affiliated with or controlled by BOGOPA SERVICE CORP. and/or HWEE III, <br><br> Plaintiffs, <br><br> vs. <br><br> BOGOPA SERVICE CORP. d/b/a FOOD BAZAAR and FOOD DIMENSIONS, HWEE III AM or any other entities affiliated with or controlled by BOGOPA SERVICE CORP. and/or HWEE III AM, <br><br> Defendants. | Civil Action No.: 11-cv-3372 (SLT)(RER) |

---

## DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE REYES' REPORT & RECOMMENDATION

---

*Of Counsel and On the Brief:*

William P. McLane
Michael T. Grosso
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendants

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................. 1

PROCEDURAL BACKGROUND ............................................................... 2

LEGAL ARGUMENT ................................................................................. 3

I.   STANDARD OF REVIEW OF THE MAGISTRATE JUDGE'S CERTIFICATION OF
     A CLASS PURSUANT TO FED. R. CIV. P. 23 ............................................ 3

II.  MAGISTRATE JUDGE REYES ERRED IN GRANTING CLASS
     CERTIFICATION ........................................................................ 4

     A.   The Magistrate Judge's Modified Class Definition Does Not Identify an
          Ascertainable Class ............................................................ 5

     B.   Magistrate Judge Reyes Erroneously Found that Plaintiffs Demonstrated
          the Commonality and Typicality Prongs of Rule 23(a) By a Preponderance
          of the Evidence. ............................................................... 11

     C.   Magistrate Judge Reyes Improperly Found that Plaintiffs Satisfied Their
          Burden of Proving The Proposed Class Meets the Requirements of Rule
          23(b). ......................................................................... 17

          1.   Common Questions Do Not Predominate Because Plaintiffs'
               Allegations Require an Individual Analysis With Respect to
               Liability and Damages for Each Putative Class Member. ....................... 18

          2.   The Class Action Proposed By Plaintiffs Is Not A Superior Method
               of Adjudicating Their Claims. .............................................. 21

CONCLUSION ............................................................................. 23

TABLE OF AUTHORITIES

PAGE

## Cases

*Alfaro v. Vardis Tech., Inc.*
    69 A.D.3d 436 (N.Y. App. Div. Jan. 7, 2010) ........................................................................ 8

*Amchem Prods., Inc v. Windsor*
    521 U.S. 591 (1997) ............................................................................................................... 18

*Ansoumana v. Gristedes Oper. Corp.*
    201 F.R.D. 81 (S.D.N.Y. 2001) ............................................................................................... 8

*Argumendo v. USA Gen. Contractors Corp.*
    Dkt. No. 0100118/2007, 2008 N.Y. Misc. LEXIS 7675 (Sup. Ct. Jan. 14 2008) ................. 8-9

*Briceno v. USI Servs. Grp., Inc.*
    09-CV-4252(JS)(AKT), 2012 U.S. Dist. LEXIS 144866 (E.D.N.Y. Sept. 28, 2012) ........... 5, 12

*Brickey, et al. v. Dogencorp, Inc., et al.*
    272 F.R.D. 344 (W.D.N.Y. 2011) ........................................................................................... 19

*Bynog v. Cipriani Grp., Inc.*
    1 N.Y.3d 193 (2003) ............................................................................................................... 10

*Castano v. Am. Tobacco Co.*
    84 F.3d 734 (5th Cir. 1996) .................................................................................................... 22

*Comcast Corp. v. Behrend*
    133 S. Ct. 1426 (2013) ....................................................................................................... 17, 20

*Cox v. NAP Constr. Co., Inc.*
    10 N.Y.3d 592 (2008) ............................................................................................................... 8

*Cuevas v. Citizens Financial Grp., Inc.,*
    No. 12-2832-cv, 2013 U.S. App. LEXIS 10737 (2d Cir. May 29, 2013) ............................... 16

*Cuzco v. Orion Builders, Inc.*
    477 F. Supp. 2d 628 (S.D.N.Y. 2007) ...................................................................................... 8

*Dauphin v. Chestnut Ridge Transp., Inc.*
    No. 06 Civ 2730(SHS), 2009 U.S. Dist. LEXIS 74483 (S.D.N.Y. Aug. 20, 2009) ........... 19-20

*Flores v. Anjost Corp.*
    284 F.R.D. 112 (S.D.N.Y. 2012) ......................................................................................... 6, 8

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Fogarazzo v. Lehman Bros.*
  232 F.R.D. 176 (S.D.N.Y. 2005) ........................................................................ 5, 11

*Gardner v. W. Beef Props., Inc.*
  07-CV-2345 (RJD)(JMA), 2011 U.S. Dist. LEXIS 146467 (Sept. 26, 2011),
  *adopted by*, 2011 U.S. Dist. LEXIS 141696 (E.D.N.Y. Dec. 9, 2011).................................... 16

*Gen. Tel. Co. of Sw. v. Falcon*,
  457 U.S. 147, 157-58 n.13 (1982) ...................................................................... 11, 12

*Glazer v. Abercrombie & Kent, Inc.*
  No. 07 C 2284, 2008 U.S. Dist. LEXIS 91142 (N.D. Ill. Nov. 10, 2008) ................................ 22

*Gonzalez v. Nicholas Zito Racing Stable Inc.*
  No. 04 CV 22 (SLT)(AKT), 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008)............ 8

*Gortat v. Capala Bros., Inc.*
  257 F.R.D. 353 (E.D.N.Y. 2009) ......................................................................... 8

*Guzman v. VLM, Inc.*
  No. 07-CV-1126 (JG)(RER), 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008) ............ 8

*Hernandez v Chefs Diet Delivery, LLC*
  81 A.D.3d 596 (N.Y. App. Div. 2011) ................................................................. 10

*In re Nassau Cnty. Strip Search Cases*
  461 F.3d 219 (2d Cir. 2006)................................................................................ 18

*Jacob v. Duane Reade Holdings, Inc.*
  No. 11 Civ. 160 (JPO), 2013 U.S. Dist. LEXIS 111989 (S.D.N.Y. Aug. 8, 2013)................. 20

*Jankowski v. Castaldi*
  No. 01-CV-0164(SF)(KAM), 2006 U.S. Dist. LEXIS 4237
  (E.D.N.Y. Jan. 13, 2006) ............................................................................... 5, 8

*M.D. ex. rel. Stukenberg v. Perry*
  675 F.3d 832, 840 (5th Cir. 2012) ....................................................................... 13

*Marisol A. v. Giuliani*
  126 F.3d 372 (2d Cir. 1997)............................................................................... 11

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Michalow v. East Coast Restoration & Consulting Corp.*
    CV 2009-5475 (SLT)(MDG), 2011 U.S. Dist. LEXIS 150414 (E.D.N.Y. Nov. 17, 2011),
    *adopted by*, 2011 U.S. Dist. LEXIS 150333 (Dec. 29, 2011).....................................................8

*Morangelli v. Chemed Corp.*,
    No. 10 Civ. 0876(BMC), 2011 U.S. Dist. LEXIS 73807, at *2 (E.D.N.Y. July 8, 2011)...18-19

*Myers v. Hertz Corp.*
    No. 02-CV-4325 (BMC)(MLO), 2007 U.S. Dist. LEXIS 53572, at *18
    (E.D.N.Y. July 24, 2007), *aff'd*, 624 F.3d 537 (2d Cir. 2010),
    *cert. denied,* 132 S. Ct. 368 (2011) ...........................................................................11-12, 17

*Myers v. Hertz Corp.*
    624 F.3d 537 (2d Cir. 2010), *cert. denied,* 132 S. Ct. 368 (2011) ..................................4, 17, 18

*People United for Children v. City of N.Y.*,
    214 F.R.D. 252 (S.D.N.Y. 2003) ..................................................................................................5

*Poplawski v. Metroplex on the Atl., LLC*
    No. 11-CV-3765, 2012 U.S. Dist. LEXIS 46408 (E.D.N.Y. Apr. 2, 2012) ..............................8

*RBS Citizens, N.A. v. Ross.*
    133 S. Ct. 1722 (2013) ................................................................................................................20

*Roach et al. v. T.L. Cannon Corp.*
    3:10-CV-0591 (TJM/DEP), 2013 U.S. Dist. LEXIS 45373 (N.D.N.Y. Mar. 29, 2013) .........20

*Romero v. H.B. Auto. Grp., Inc.*
    No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012)................16-17

*Selby v. Principal Mut. Life Ins. Co.*
    197 F.R.D. 48 (S.D.N.Y. 2000) ................................................................................................5-6, 9

*Severin v. Project OHR, Inc.*
    10 Civ. 9696 (DLC), 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012) .....................22

*Simer v. Rios*
    661 F.2d 655 (7th Cir. 1981) .......................................................................................................6

*Stinson v. City of NY*
    282 F.R.D. 360 (S.D.N.Y. 2012) ...........................................................................................4, 6

TABLE OF AUTHORITIES
(CONTINUED)

PAGE

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*
  546 F.3d 196 (2d Cir. 2008) ........................................................................................... 4

*Tracy et al. v. NVR, Inc.*
  No. 04-CV-6541L, 2013 U.S. Dist. LEXIS 62407 (W.D.N.Y. Apr. 29, 2013) ...................... 20

*Velu v. Velocity Express, Inc.*
  666 F. Supp. 2d 300 (E.D.N.Y. 2009) ............................................................................ 10

*Wal-Mart Stores, Inc. v. Dukes*
  131 S. Ct. 2541 (2011) ........................................................................................... passim

*Wang v. Chinese Daily News*
  709 F.3d 829 (9th Cir. 2013) ........................................................................................ 16

*Wang v. Hearst Corp.*
  No. 12 CV 793 (HB),  2013 U.S. Dist. LEXIS 65869 (S.D.N.Y. May 8, 2013) ..................... 17

*White v. W. Beef Props., Inc.*
  07-CV-2345 (RJD)(JMA), 2011 U.S. Dist. LEXIS 141696
  (E.D.N.Y. Dec. 9, 2011) ................................................................................................. 3

**Statutes**

28 U.S.C. § 636(b)(1)(C) .................................................................................................. 3

**Rules**

FED. R. CIV. P. 23 ..................................................................................................... passim

Fed. R. Civ. P. 72(b)(3) .................................................................................................... 3

## PRELIMINARY STATEMENT

Defendants Bogopa Service Corp ("Food Bazaar") and Hwee ILL Ahn ("Ahn") (collectively, "defendants") respectfully object to the Report & Recommendation of Magistrate Judge Ramon E. Reyes to certify a class pursuant to FED. R. CIV. P. 23 and submit that this Court should not adopt it.   The Report & Recommendation mistakenly recommends certifying an unknown class of potentially hundreds or thousands of individuals, without any objective criteria to determine whether such individuals are proper members of the class.   If this action proceeds as a class, Food Bazaar customers, the plaintiffs' neighbors and friends or anyone in the general population who reads a notice about the lawsuit could claim without challenge to have "worked" for Food Bazaar.   There simply is no method to determine whether such individuals are within the class definition without engaging in significant discovery, including a deposition and hearing for each individual.

Even if the Court, after reviewing a deposition transcript and conducting a "mini hearing," determines that an individual  is part of the proposed class (as modified by Magistrate Judge Reyes), there remains no way to determine liability or damages on a class-wide basis. Rather, the Court must conduct additional evidentiary proceedings for each individual class member to determine both liability and damages.   This process completely ignores recent Supreme Court precedent that make clear that class actions are the exception to the rule that litigation be conducted on behalf of individual named parties and not their representatives.

Plaintiffs failed to demonstrate by a preponderance of the evidence the elements of FED. R. CIV. P. 23(a) and 23(b)(3) and they have not demonstrated that the class they seek to represent is in any way ascertainable without "mini trials".   Accordingly, the Court should reject the Report & Recommendation and deny plaintiffs' motion for class certification in its entirety.

## PROCEDURAL BACKGROUND

On January 20, 2012, after limited precertification discovery, The Honorable Ramon E. Reyes, U.S.M.J. granted Plaintiffs' Motion for Conditional Certification of their Fair Labor Standards Act ("FLSA") claims.  (Dkt. No. 27).  The Court permitted notice to be posted for thirty (30) days at "Defendants' stores where Plaintiffs alleged to have worked: Wyckoff Avenue (Brooklyn), St. John's Place (Brooklyn), Gates Avenue (Queens), Myrtle Avenue (Brooklyn), New Lots Avenue (Brooklyn), Manhattan Avenue (Brooklyn), and 161st Street Grand Concourse (Bronx)."  (Dkt. No. 27, at 7).  Two plaintiffs have opted-in to the action since conditional certification.  (Dkt. Nos. 30, 36).

On December 21, 2012, plaintiffs moved for Class Certification of their New York Labor Law ("NYLL") claims on behalf of the following proposed class:

> All individuals who performed work at the entrances, on outdoor platforms and around the exterior perimeter [*sic*] Food Bazaar locations, performing tasks that include and are not limited to: helping customers with their groceries, removing snow and ice, cleaning the platform and parking lots, assisting security personnel, taking deliveries, cleaning debris and trash, and collecting shopping carts, from February 22, 2006 through the present. This does not include supervisors, officers, executive, managerial, or administrative personnel.

(Dkt. No. 42, at 5).   In opposition, defendants argued that plaintiffs' Motion failed to satisfy the requirements of Rule 23(a) and 23(b) and likewise failed to identify an ascertainable class.  (Dkt. Nos. 43, 44).  Magistrate Judge Reyes heard oral argument on plaintiffs' motion on July 2, 2013.

On August 12, 2013, Magistrate Judge Reyes issued a Report & Recommendation recommending that the Court grant Plaintiffs' Motion for Class Certification with a modified class definition, in order to make plaintiffs' proposed class ascertainable.

Defendants specifically object to the following findings of the Report & Recommendation:

- The class definition (as modified) sets forth an ascertainable class;

- Plaintiffs demonstrated the commonality of the claims pursuant to Rule 23(a) by a preponderance of the evidence;

- Plaintiffs demonstrated the typicality of the claims pursuant to Rule 23(a) by a preponderance of the evidence; and

- Plaintiffs demonstrated the predominance and superiority requirements of Rule 23(b)(3) by a preponderance of the evidence.

## LEGAL ARGUMENT

**I.   STANDARD OF REVIEW OF THE MAGISTRATE JUDGE'S CERTIFICATION OF A CLASS PURSUANT TO FED. R. CIV. P. 23**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.  See also* Fed. R. Civ. P. 72(b)(3) ("district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); *White v. W. Beef Props., Inc.*, 07-CV-2345 (RJD)(JMA), 2011 U.S. Dist. LEXIS 141696, at *5-6 (E.D.N.Y. Dec. 9, 2011). The Court, here, should reject the Magistrate's Report & Recommendation.

3

## II.   MAGISTRATE   JUDGE   REYES   ERRED   IN   GRANTING   CLASS CERTIFICATION.

In order to certify a class, the Court must engage in a rigorous analysis to determine whether the plaintiff has demonstrated, by a preponderance of the evidence, all of FED. R. CIV. P. 23(a)'s factors and at least one of Rule 23(b)'s requirements.[1]  *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2248 (2011).  In addition to the Rule 23(a) and (b) requirements, the court must – as a preliminary matter - first assess whether the proposed class is ascertainable. Ascertainability requires that class membership can be identified "by reference to objective criteria."  *Stinson v. City of NY,* 282 F.R.D. 360, 367 (S.D.N.Y. 2012) (citations omitted).

Plaintiffs, as the parties seeking class certification, "bear[] the burden of establishing by a preponderance of the evidence that *each* of Rule 23's requirements has been met."  *Myers v. Hertz Corp.,* 624 F.3d 537, 547 (2d Cir. 2010), *cert. denied,* 132 S. Ct. 368 (2011) (citation omitted) (emphasis added); *see also Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.,* 546 F.3d 196, 202 (2d Cir. 2008) ("[T]he preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements.").  "Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."  *Dukes,* 131 S. Ct. at 2551.

---

[1] Rule 23(a) requires a showing that:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; *and* (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a) (emphasis added).  Rule 23(b) requires, in part, that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

Here, as discussed below, plaintiffs failed to sustain their burden of demonstrating that they are entitled to class certification and Magistrate Judge Reyes erred in granting class certification. Specifically, defendants object to the findings in the Report & Recommendation which address ascertainability, commonality, typicality, and predominance and superiority. Accordingly, plaintiffs' motion for class certification should be denied in its entirety.

### A.     The Magistrate Judge's Modified Class Definition Does Not Identify an Ascertainable Class.

Before analyzing whether plaintiffs meet the Rule 23(a) and 23(b) requirements, courts must first determine whether the proposed class definition is ascertainable. "[W]hile it is not explicitly spelled out in Rule 23, courts have added an 'implied requirement of ascertainability' with respect to the class definition." *Briceno v. USI Servs. Grp., Inc.*, 09-CV-4252(JS)(AKT), 2012 U.S. Dist. LEXIS 144866, at *15 (E.D.N.Y. Sept. 28, 2012) (internal quotations and citation omitted). The Court must find that the class definition is "precise, objective, and presently ascertainable." *People United for Children v. City of N.Y.*, 214 F.R.D. 252, 256 (S.D.N.Y. 2003). *See also Jankowski v. Castaldi*, No. 01-CV-0164(SF)(KAM), 2006 U.S. Dist. LEXIS 4237, at *14 (E.D.N.Y. Jan. 13, 2006).

Ascertainability requires that it be "administratively feasible for a court to determine whether a particular individual is a member of the class [and] [t]he Court *must be able to make this determination without having to answer numerous individualized fact-intensive questions*." *Fogarazzo v. Lehman Bros.*, 232 F.R.D. 176, 181 (S.D.N.Y. 2005) (citations and internal quotations omitted) (emphasis added). *See also Stinson*, 282 F.R.D. at 373 ("the ascertainability requirement means that the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." (citation and internal quotation omitted)); *Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D. 48, 55

5

(S.D.N.Y. 2000) ("A class's definition will be rejected when it 'requires addressing the central issue of liability in a case' and therefore the inquiry into whether a person is a class member 'essentially require[s] a mini-hearing on the merits of each [plaintiff's] case.'" (citations omitted)). Further, it "cannot be a Sisyphean task" to ascertain the class' membership. *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981). In the employment context, courts have found that "[a]n identifiable class exists if its members can be ascertained by reference to objective criteria" such as defendants' payroll records and wage statements. *Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012) (internal quotation and citation omitted); *Stinson*, 282 F.R.D. at 367 (citations omitted).

Here, there are no objective criteria available to ascertain whether any individual is an appropriate member of the class plaintiffs seek to represent. Plaintiffs sought to certify a class of present and former employees consisting of:

> All individuals who performed work at the entrances, on outdoor platforms and around the exterior perimeter [*sic.*] Food Bazaar locations, performing tasks that include and are not limited to: helping customers with their groceries, removing snow and ice, cleaning the platform and parking lots, assisting security personnel, taking deliveries, cleaning debris and trash, and collecting shopping carts from February 22, 2006 through the present. This does not include supervisors, officers, executive, managerial, or administrative personnel.

(Dkt. 42 at 5).

Magistrate Judge Reyes recognized that "the proposed class is not ascertainable" as it "likely covers numerous non-aggrieved individuals such as Food Bazaar customers or unionized service employees." (Dkt. No. 51 at 14). Magistrate Judge Reyes, therefore, recommended narrowing the class as follows:

> All individuals who performed work **for the Defendants** at the entrances, on outdoor platforms and around the exterior perimeter of the Food Bazaar locations **at Wyckoff Avenue (Brooklyn), St.**

> **John's Place (Brooklyn), Gates Avenue (Brooklyn), Myrtle Avenue (Brooklyn), New Lots Avenue (Brooklyn), Manhattan Avenue (Brooklyn) and 161st Street–Grand Concourse (Bronx),** performing tasks that include and are not limited to: helping customers with their groceries, removing snow and ice, cleaning the platform and parking lots, assisting security personnel, taking deliveries, cleaning debris and trash, and collecting shopping carts, from **July 13, 2005** through the present, **and were not paid minimum wage or overtime wages.** This does not include supervisors, officers, executive, managerial, **unionized employees** or administrative personnel.

(Dkt. No. 51 at 14 (emphasis reflects Magistrate Judge Reyes' recommended revisions))[2].

The modified class definition, however, does nothing to render the class ascertainable other than expressly stating that actual Food Bazaar employees who are members of the union are not part of the class definition. Thus, if a purported class member appears on the union's roll (and Food Bazaar's employment records), he/she is not a member of the class. The modified class definition, however, does nothing to address the reality - and Magistrate Judge Reyes' initial determination - that the proposed class likely covers "numerous non-aggrieved individuals such as Food Bazaar customers" (Dkt. No. 51 at 14). The Report & Recommendation and revised class definition completely ignores this issue and does not address how class membership can be ascertained on an objective basis to ensure that any of Food Bazaar's customers (or anyone else who walks in off the street) are not part of the class. There are simply no objective criteria to ascertain who is a proper member of the proposed class.

The record is clear that neither Food Bazaar nor plaintiffs are in possession of any type of records that courts typically utilize when making an objective determination as to whether an individual is a class member. *See Flores*, 284 F.R.D. at 123; *Jankowski*, 2006 U.S. Dist. LEXIS

---

[2] The revised class definition also takes into account that plaintiffs withdrew their efforts to include putative class members "employed" in New Jersey and Connecticut and that they sought to amend the starting date for claims to July 13, 2005, six years before the filing on the complaint.

7

4237, at *15 (finding a class ascertainable where it could "be verified by reference to objective documentation, including employee payroll records and tax returns.").  It is undisputed that Food Bazaar does not have time, payroll or tax records for plaintiffs.  Plaintiffs confirmed as much during their depositions.  For example, Plaintiff Crowley testified during his deposition that he "had no knowledge about paychecks."  (Dkt. No. 43 at Ex. H, at 43:2, hereinafter "Crowley Dep.").  Somewhat similarly, Plaintiff Suvill stated that he "never did the taxes."  (Dkt. No. 43 at Ex. B, at 101:7-9, hereinafter "Suvill. Dep.").

Plaintiffs' motion and the Report & Recommendation, presuppose that plaintiffs, as well as the prospective members of the proposed class, are in fact identifiable *employees*.  In actuality, however, plaintiffs, and the proposed class, could consist entirely of individuals never actually employed by Food Bazaar.  Indeed, the cases cited by plaintiffs for the proposition the Courts will certify classes where employment records are inaccurate or non-existent, completely ignore the fact that in each of these cases, there were some indicia of an employment relationship or the issue of whether a defendant employed the plaintiffs was not in dispute.[3]  (Dkt. No. 45 at 12,

---

[3] The cases cited by plaintiffs either address a different issue entirely or there was some indicia of an employment relationship.  *Poplawski v. Metroplex on the Atl., LLC*, No. 11-CV-3765, 2012 U.S. Dist. LEXIS 46408 (E.D.N.Y. Apr. 2, 2012) (no dispute that employees where defendants did not respond or appear and where plaintiffs provided a list of employees they remembered working with for defendant); *Michalow v. East Coast Restoration & Consulting Corp.*, CV 2009-5475 (SLT)(MDG), 2011 U.S. Dist. LEXIS 150414 (E.D.N.Y. Nov. 17, 2011) (payroll records in the context of a stipulation to class certification), *adopted by*, 2011 U.S. Dist. LEXIS 150333 (Dec. 29, 2011); *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353 (E.D.N.Y. 2009) (defendants admitted to employing and paying plaintiffs); *Gonzalez v. Nicholas Zito Racing Stable Inc.*, No. 04 CV 22 (SLT)(AKT), 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008) (no dispute about employment relationship); *Guzman v. VLM, Inc.*, No. 07-CV-1126 (JG)(RER), 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008) (named plaintiffs submitted paystubs and defendants provided 133 names and addresses in authorizing notice); *Ansoumana v. Gristedes Oper. Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001) (labor agents as well as "users of Plaintiffs' services" were defendants where the dispute concerned whether they were employees or independent contractors); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007) (declarations submitted by defendants supported that there were others similarly situated which was sufficient for a motion for conditional certification); *Cox v. NAP Constr. Co., Inc.*, 10 N.Y.3d 592 (2008) (does not address this issue); *Alfaro v. Vardis Tech., Inc.*, 69 A.D.3d 436 (N.Y. App. Div. Jan. 7, 2010) (vacating opt-out forms sent submitted with employer assistance); *Argumendo v. USA Gen. Contractors Corp.*, Dkt. No. 0100118/2007, 2008

n.5). There are no such records or similar evidence in this case. In fact, the plaintiffs here have testified to only the barest knowledge of Food Bazaar operations – likely no more than that possessed by weekly Food Bazaar customers. Knowing that the store manager's name is Tommy, or that the store is open seven days a week, or that it has a "bag check" booth, is not evidence of employment. It is merely evidence that one has seen a supermarket. Yet, Magistrate Reyes' Report & Recommendation would even eliminate this basic level of "knowledge" from determining whether an individual should participate in this action.

In order to ascertain whether an individual is a proper class member, the parties will need to resort to a fact-intensive inquiry, likely including a deposition and hearing just to determine whether that individual should be part of the class - a determination that, essentially, goes to the central issue of liability in this action since Food Bazaar contends the named plaintiffs are not employees. A class is not ascertainable where the Court must address the merits of a case to determine class membership. *Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D. 48, 55 (S.D.N.Y. 2000). Although defendants addressed this at length in their opposition, the Report & Recommendation completely ignores this issue.[4] Indeed, many regular Food Bazaar customers likely possess as much rudimentary knowledge of the Wyckoff Avenue store's operations as the opt-in plaintiffs; many of whom do not know the names of any of Food Bazaar's real employees or the names of management even though they claimed to have "worked" for Food Bazaar for many years. For example, when asked what department Francis (the alleged owner of Food

---

N.Y. Misc. LEXIS 7675 (Sup. Ct. Jan. 14 2008) (identification badges and W-2s in the context of denying a motion to dismiss).

[4] The only possible reference in the Report & Recommendation to this argument is that defendants "advance a common defense – that Plaintiffs and the putative class members were not their employees." (Dkt. No. 51 at 10).

Bazaar and individual defendant in this action) manages, Plaintiff Crowley responded:  "I think Francis used to work - - I don't really remember."  (Crowley Dep., 40:23-41:2-3).

Accordingly, anyone who seeks to join the putative class will need to be deposed in order to determine whether they possess any knowledge of Food Bazaar's operations or the type of information an employee should otherwise possess.  The Court would then have to determine – after conducting some type of evidentiary proceeding for each individual – whether each falls within the class definition.  Absent an initial determination as to class membership, anyone could be included in the lawsuit without any evidence that they actually stepped foot in a Food Bazaar store.

The law has always provided for fact-sensitive inquiries when, like here, an employment relationship is in doubt.  For example, when determining whether an employment relationship exists for the purposes of Article 6 of New York Labor Law, "the critical inquiry...pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003) (citations omitted). *See also Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300, 306-07 (E.D.N.Y. 2009). This is a fact sensitive inquiry. *Hernandez v Chefs Diet Delivery, LLC*, 81 A.D.3d 596, 598 (N.Y. App. Div. 2011) (citations omitted). As such, courts look to several factors to assess whether such control exists which include whether the worker: "(1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits (4) was on the employer's payroll and (5) was on a fixed schedule." *Bynog*, 1 N.Y.3d at 198 (citations omitted).  Given this fact-sensitive inquiry, there is no way to collectively determine whether the proposed class members are Food Bazaar employees subject to the wage and hour laws in question or just random people off the street.

10

In the absence of objective criteria to establish membership in the proposed class, the Court must engage in an individualized inquiry for each class member just to determine whether he/she falls within the class definition.  Therefore, it is not administratively feasible for a Court to determine whether an individual is a member of the class "*without having to answer numerous individualized fact-intensive questions*."  *Fogarazzo*, 232 F.R.D. at 181 (citations and internal quotations omitted) (emphasis added).  Judge Reyes' Report and Recommendation does not address this issue.  Accordingly, plaintiffs' motion for class certification should be denied on this basis alone.

**B.** **Magistrate Judge Reyes Erroneously Found that Plaintiffs Demonstrated the Commonality and Typicality Prongs of Rule 23(a) By a Preponderance of the Evidence.**

Contrary to Magistrate Judge Reyes' findings, plaintiffs have not established by a preponderance of the evidence that a class-wide proceeding will generate common answers to their purported common questions or that the named plaintiffs' claims are typical of those of the class that they seek to represent.  In *Dukes*, the Supreme Court noted that the "'commonality and typicality requirements of Rule 23(a) tend to merge'" insofar as "'[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'"  *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157-58 n.13 (1982)).  Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997).  Typicality is not, however, satisfied where "proof of liability will require individual factual analysis."  *Myers v. Hertz Corp.*, No. 02-CV-4325

(BMC)(MLO), 2007 U.S. Dist. LEXIS 53572, at *18 (E.D.N.Y. July 24, 2007), *aff'd*, 624 F.3d 537 (2d Cir. 2010), *cert. denied,* 132 S. Ct. 368 (2011).

Also in *Dukes*, the Supreme Court made clear that the commonality prong of Rule 23(a) is not satisfied by merely listing several abstract common questions.  Rather, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury." *Dukes*, 131 S. Ct. at 2551 (citing *Falcon*, 457 U.S. at 157).  "This does not mean merely that they have all suffered a violation of the same provision of law," but that "the[] claims must depend on a common contention . . . of such a nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551.  "After Wal-Mart, Rule 23(a)(2)'s commonality requirement demands more than the presentation of questions that are common to the class because 'any competently crafted class complaint literally raises common questions.'" *Briceno*, 2012 U.S. Dist. LEXIS 144866, at *16 (quoting *M.D. ex. rel. Stukenberg v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012) (quoting *Dukes*, 131 S. Ct. at 2551)).  In other words, "'[w]hat matters to class certification...is *not* the raising of common 'questions' -- even in droves -- but, rather *the capacity of a classwide proceeding to generate common answers* apt to drive the resolution of the litigation.'" *Briceno*, 2012 U.S. Dist. LEXIS 144866, at *16-17 (quoting *Dukes*, 131 S. Ct. 2551) (emphasis added).

Plaintiffs identify six common questions of law and facts which they purport are applicable to all members of their proposed class:

Common Factual Questions

(a)     Whether Defendants paid the members of the class the rate of
        pay required by New York and Federal Law?

(b)     Whether Defendants paid the members of the class for all of the hours actually worked?

(c)     Whether Defendants failed to maintain or even generate accurate records of the hours worked by the proposed class members?

Common Legal Questions

(a)     Whether Defendants complied with the New York Labor Law pertaining to minimum wages for every hour Plaintiffs worked?

(b)     Whether Defendants complied with the New York Labor Law pertaining to overtime compensation for the hours Plaintiffs worked beyond 40 each week?

(c)     Whether the individual Defendant is personally liable for failure to pay minimum wages for every hour worked and overtime compensation for hours worked beyond 40 each week?

(Dkt. No. 42 at 16).     Plaintiffs have not and cannot offer any proof that the answers to such broad questions can be answered "in one stroke" as required by *Dukes* and Magistrate Judge Reyes made no such findings.

Rather, Magistrate Judge Reyes found that plaintiffs demonstrated commonality because they alleged that they were "subject to Defendants' unlawful policy of compensating them solely through customer tips" and that two opt-in plaintiffs likewise testified about this alleged policy. (Dkt. No. 51 at 10).  Magistrate Judge Reyes further explained that "[a] determination that Food Bazaar did, or did not, maintain an unlawful wage policy as to these workers will resolve an issue central to all class members' claims under the same New York State statutes and regulations."  (Dkt. No. 51 at 11).  With respect to typicality, Magistrate Judge Reyes in somewhat summary fashion found that "[t]he named plaintiffs' minimum wage and overtime claims are similar to those of the putative class:  they arise from the same alleged policy of

13

compensating outdoor employees only through customer tips in violation of the NYLL." (Dkt. No. 51 at 11).

First, there is no record evidence that Food Bazaar had a Company-wide policy of hiring individuals to perform work without pay. Instead, the record evidence establishes that Food Bazaar does in fact employ individuals to perform the work which plaintiffs claim to have performed. These employees earn wages and are entitled to benefits in accordance with the terms of a collective bargaining agreement. (Dkt. No. 43 at Ex. C, at 27:16-23, hereinafter "Ahn Dep."; Dkt. No. 43 at Ex. D, hereinafter "Mora Dec."; Dkt. No. 43 at Ex. E, hereinafter "Chavez Dec."; Dkt. No. 43 at Ex. F, hereinafter "Perez Dec."). Indeed, Suvill admittedly testified that real Food Bazaar employees "sometimes" changed the garbage cans outside of the store. (Suvill Dep., 57:21-23). Likewise, Rashan Beswick and Hernandez admitted that real Food Bazaar employees manned the bag-check booth. (Dkt. No. 43 at Ex. A, at 42:20-25, hereinafter "Rashan Beswick Dep."; Dkt. No. 43 at Ex. G, at 117:11-13, hereinafter "Hernandez Dep.").

Even if the Court were to find that Manager Ahn established a policy of employing individuals without pay "outside" the Wyckoff Avenue store in Brooklyn, there is no record evidence that such a policy exists at other locations. Ahn's deposition testimony, in fact, established that he has very little knowledge of, and certainly no influence over, other Food Bazaar locations, including those locations certified by Magistrate Judge Reyes as part of the class. (Ahn Dep., 17:11-20:3). The fact that plaintiffs possess rudimentary knowledge of the other Food Bazaar locations belies a finding of both a Company-wide policy and typicality. For example, when asked whether he had personal knowledge about individuals who performed the same functions outside other Food Bazaar locations, plaintiff Hernandez testified: "Other than

rumors and secondhand. Personal knowledge, no." (Hernandez Dep., 98:17-25).[5] Accordingly, plaintiffs have not established the existence of a Company-wide policy or a policy among those locations identified in Magistrate Judge Reyes' revised class definition or that their claims are typical of the class that they seek to represent.

The allegations and common questions identified by plaintiffs are not sufficient to generate the "common answers" at trial to satisfy Rule 23(a)'s commonality standard as *Dukes* requires. Plaintiffs have not identified (nor can they) a "common contention" that is of "such a nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S. Ct. at 2551. Likewise, Magistrate Judge Reyes' findings that because plaintiffs alleged that they were "subject to Defendants' unlawful policy of compensating them solely through customer tips," (Dkt. No. 51 at 10), and that "[a] determination that Food Bazaar did, or did not, maintain an unlawful wage policy as to these workers will resolve an issue central to all class members' claims under the same New York State statutes and regulations," (Dkt. No. 51 at 10-11), does not establish commonality. Whether Food Bazaar maintained an unlawful policy is not capable of generating a class-wide resolution or resolve a central issue "in one stroke" as required by *Dukes* because, each individual claim will be subject to an individual analysis to determine whether Food Bazaar employed each class member, along with the specifics of each class members' employment. *Dukes*, 131 S. Ct. at 2551.

While Magistrate Judge Reyes found that "nothing in *Dukes* is inconsistent with the Court's finding with respect to commonality in the context of a wage and hour case," (Dkt. No.

---

[5] Additionally, the limited information they do possess concerning other Food Bazaar stores is either outside the statute of limitations or devoid of any level of detail necessary to demonstrate that their claims are "interrelated" with those of the proposed class. For example, named plaintiff Suvill testified that he "only work[ed] at one store," and that he knew that "Rashan [Beswick]," "Mike" and "this chick...Sandra" worked at the Gates Avenue store in Brooklyn. (Suvill Dep., 93:11, 94:21-95:4).

51 at 11), the commonality standard expressed in *Dukes* applies with equal force to such claims. *See, e.g., Cuevas v. Citizens Financial Grp., Inc.*, No. 12-2832-cv, 2013 U.S. App. LEXIS 10737 (2d Cir. May 29, 2013) (remanding for reconsideration of commonality prong where the court did not engage in a rigorous analysis of whether the misclassification claims were capable of classwide resolution); *Wang v. Chinese Daily News*, 709 F.3d 829 (9th Cir. 2013).

Plaintiffs, as well as Magistrate Judge Reyes' findings, portray the plaintiffs' claims as similar to a typical unpaid minimum wage or overtime case - where plaintiffs' employment status is not a central issue and there is no issue or dispute that plaintiffs' are entitled to minimum wage and overtime compensation under state and/or federal law. This view ignores the fact that in the instant case, whether each individual claiming to be a member of the class is entitled to unpaid wages, first requires a determination they are or were, in fact, employees. As discussed above, this determination is fact-intensive as a matter of law. Indeed, this case is similar in this respect to "misclassification cases", where the issue of whether plaintiffs are entitled to receive overtime compensation is at issue, depending on whether they are exempt them from overtime compensation under state or federal law.

Courts have found that the commonality prong is not met where the question of whether an individual is exempt from overtime pay is dispositive to whether each individual is owed compensation. *See Gardner v. W. Beef Props., Inc.*, 07-CV-2345 (RJD)(JMA), 2011 U.S. Dist. LEXIS 146467, at *10 (Sept. 26, 2011), *adopted by*, 2011 U.S. Dist. LEXIS 141696 (E.D.N.Y. Dec. 9, 2011). Such a "question is not conducive to collective proof or 'capable of class-wide resolution' because it will require individualized examinations of each plaintiff's daily responsibilities and duties while on the job." *See also Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151, *51-52 (S.D.N.Y. May 1, 2012) (No

16

commonality where the central issue was whether plaintiffs were improperly classified as exempt. The issue was not capable of class-wide resolution as it would require the parties to "litigate whether each of Defendants' salespersons were primarily engaged in selling vehicles."). *See also Wang v. Hearst Corp.,* No. 12 CV 793 (HB), 2013 U.S. Dist. LEXIS 65869 (S.D.N.Y. May 8, 2013) (whether interns should be paid required an individualized analysis not capable of class-wide treatment).  Here, whether plaintiffs or the class members they seek to represent are owed any compensation is dependent on whether they were Food Bazaar employees.

Finally, that defendants' "common defense" is that plaintiffs are not employees is of little import.  This is not the standard for determining commonality, and even if it were, the determination of whether the "defense" applies would still require a fact-sensitive inquiry for each class member.  The fact that the determination of whether each individual class member is a potential Food Bazaar employee and entitled to compensation requires a detailed, individualized factual analysis prevents a finding of typicality as well.  *See Myers,* 2007 U.S. Dist. LEXIS 53572, at *18.

Accordingly, plaintiffs' claims lack commonality and typicality, and as such, no basis exists to certify the class.

### C.    Magistrate Judge Reyes Improperly Found that Plaintiffs Satisfied Their Burden of Proving The Proposed Class Meets the Requirements of Rule 23(b).

Plaintiffs also bear the burden of proving, by a preponderance of the evidence, that (1) "'questions of law or fact common to class members predominate over any questions affecting only individual members' and [(2)] that class treatment would be superior to individual litigation." *Myers,* 624 F.3d at 547 (quoting FED. R. CIV. P. 23(b)(3)); *see also Dukes,* 131 S. Ct. at 2549 n.2.  The Supreme Court recently explained in *Comcast Corp. v. Behrend,* 133 S. Ct. 1426, 1432 (2013) that the same rigorous analysis that applies to Rule 23(a) applies in assessing

17

whether the Rule 23(b)(3) requirements have been established.   Simply put, the Report &
Recommendation fails to engage in the requisite analysis.

> **1.      Common Questions Do Not Predominate Because Plaintiffs'
> Allegations Require an Individual Analysis With Respect to Liability
> and Damages for Each Putative Class Member.**

The Second Circuit, in *Myers*, addressed Rule 23(b)(3) and explained that:

> The "predominance" requirement of Rule 23(b)(3) "tests whether proposed
> classes are sufficiently cohesive to warrant adjudication by representation."
> The requirement's purpose is to "ensure[] that the class will be certified only
> when it would 'achieve economies of time, effort, and expense, and promote
> uniformity of decision as to persons similarly situated, without sacrificing
> procedural  fairness or bringing about other undesirable results.'"  Therefore
> the requirement is satisfied "if resolution of some of the legal or factual
> questions that qualify each class member's case as a genuine controversy
> can be achieved through generalized proof, and if these particular issues are
> more substantial than the issues subject only to individualized proof."

624 F.3d at 547 (internal citations omitted); *see also In re Nassau Cnty. Strip Search Cases*, 461
F.3d 219, 225 (2d Cir. 2006) (noting that the predominance requirement of Rule 23(b)(3)
measures the cohesiveness of a proposed class).   Because of the significant role of "common
questions" in the Rule 23(b)(3) analysis, the Supreme Court has identified the rule as a stricter
version of Rule 23(a)'s commonality requirement.  *See Amchem Prods., Inc v. Windsor*, 521 U.S.
591, 623-24 (1997).   Accordingly, even if the Court finds that plaintiffs somehow satisfied their
burden with respect to Rule 23(a)'s commonality requirement, their motion for class certification
still fails because their claims and issues will require highly individualized proofs with respect to
each member of the class.   Courts have denied class certification where the pragmatic and
practical application of Rule 23(b) (3) made it clear that the individual issues outweighed the
commonalities among the proposed class.

For example, in *Morangelli v. Chemed Corp.*, No. 10 Civ. 0876(BMC), 2011 U.S. Dist.
LEXIS 73807, at *2 (E.D.N.Y. July 8, 2011), a post-*Dukes* decision, the Court amended the class

definition to exclude the claims of service technicians who claimed their employer failed to compensate them for "time spent maintaining their vans and work equipment." The Court found that individualized proofs predominated with respect to time spent on the maintenance of vans and tools and that "effect is different on individual technicians, requiring even the question of liability to be resolved through a highly individualized inquiry." *Id.* at *8-9 (citation omitted). While acknowledging that there were "many commonalities that unite the class with respect to this claim, including the type of commonalities that can 'generate common answers' through classwide resolution" and that "[t]hese common elements outnumber[ed] the individualized question," plaintiffs did not satisfy the predominance requirement because it is not "mechanical" or a "numerical test" – rather, it is a "pragmatic" analysis and, "as a practical matter, establishing liability for uncompensated hours for maintenance work w*ould require separate adjudication of each plaintiff.*" *Id.* at *9-10 (internal citations omitted) (emphasis added).

Similarly, in *Brickey, et al. v. Dogencorp, Inc., et al.*, 272 F.R.D. 344, 345 (W.D.N.Y. 2011) – a pre-*Dukes* decision, the Court found that where plaintiffs' claims arose in different stores under different managers to "varying degrees and in different ways, the claims are too highly individualized to form the basis for a proper class action." *Id.* at 349. Specifically, the Court found that "common legal and/or factual issues do not predominate over individualized claims, and that the interests of judicial economy would not be served by the hundreds of fact-intensive 'mini-trials' that a class action of this nature would require." *Id. See also Severin v. Project OHR, Inc.*, 10 Civ. 9696 (DLC), 2012 U.S. Dist. LEXIS 85705, at *20-21 (S.D.N.Y. June 20, 2012) (denying plaintiffs' motion for class certification due to a lack of predominance where "[t]he predominance of [ ] individualized, fact-specific questions renders the plaintiffs' overtime claims ill-suited for classwide resolution."); *Dauphin v. Chestnut Ridge Transp., Inc.*,

No. 06 Civ 2730(SHS), 2009 U.S. Dist. LEXIS 74483, at *12-14 (S.D.N.Y. Aug. 20, 2009) (no predominance and claims not amenable to "adjudication by representation" where liability for unpaid overtime would depend heavily on individualized proof, where a fact-finder would have to determine liability on a driver-by-driver basis (citation omitted)).

Further, as the Supreme Court recently held in *Comcast Corp.*, in order to obtain class certification under Rule 23(b)(3), plaintiffs must "establish[ ] the damages are capable of measurement on a classwide basis." *Comcast Corp.*, 133 S. Ct. at 1433 ("Questions of individual damage calculations will inevitably overwhelm questions common to the class."). Tellingly, a mere five days following this decision, the Supreme Court entered a summary disposition in *RBS Citizens, N.A. v. Ross*, 133 S. Ct. 1722 (2013) vacating the Seventh Circuit's affirmation of class certification of wage and hour claims and remanding "for further consideration in light of *Comcast Corp. v. Behrend*." Further, district courts in New York have since recognized the applicability of the *Comcast* decision in the wage and hour context. *See, e.g., Roach et al. v. T.L. Cannon Corp.*, 3:10-CV-0591 (TJM/DEP), 2013 U.S. Dist. LEXIS 45373 (N.D.N.Y. Mar. 29, 2013) (applying *Comcast* in a wage and hour case and explaining that "a demanding and rigorous analysis of the evidentiary proof on this claim does not yield a finding that damages are capable of measurement on a classwide basis."); *Tracy et al. v. NVR, Inc.*, No. 04-CV-6541L, 2013 U.S. Dist. LEXIS 62407 (W.D.N.Y. Apr. 29, 2013); *but see, Jacob v. Duane Reade Holdings, Inc.*, No. 11 Civ. 160 (JPO), 2013 U.S. Dist. LEXIS 111989 (S.D.N.Y. Aug. 8, 2013).

Despite the applicability of this recent decision, Magistrate Judge Reyes makes no reference to *Comcast* in his Report & Recommendation even though courts in the Second Circuit have applied the Supreme Court's decision to deny class certification in cases, such as this,

where there are overwhelming, fact-specific, individualized issues that overshadow the representative class claims. Instead, Magistrate Judge Reyes summarily found "common questions of law and fact predominate regarding the legality or illegality of Defendants' wage practices and policies" and that predominance is not eliminated where the Court may be required to engage in specific findings with respect to individual plaintiffs' entitlements to wages. (Dkt. No. 51 at 15-16). This is not the rigorous analysis mandated by the Supreme Court in *Comcast*.

Here, as in the cases discussed above, prosecuting this case on behalf of an incalculable class will require a mini-trial for each class member with respect to (1) whether Food Bazaar employed each putative class member which, as discussed above, is a fact-sensitive inquiry as a matter of law, and (2) what damages each individual class member is entitled to, which likewise requires individualized inquiries. Because individualized proofs are necessary to determine the employment status of each class member, and because plaintiffs have not explained how damages can be calculated on a class-wide basis (per *Comcast*), plaintiffs have not met their burden as to predominance. There simply is no method to calculate plaintiffs' damages in a mechanical or formulaic manner on a class-wide basis, meaning the parties will need to litigate all damage issues (in addition to individual liability issues), such as length of employment, days worked, and number of hours worked, in order to make a determination as to the amount of damages owed to each individual on a plaintiff-by-plaintiff basis. Accordingly, class certification should be denied.

## 2. The Class Action Proposed By Plaintiffs Is Not A Superior Method of Adjudicating Their Claims.

Plaintiffs assert that the class action mechanism is a superior method of adjudication and that it promotes judicial economy. (Dkt. No. 42 at 22-23; Dkt. No. 45 at 17). At the hearing before Magistrate Judge Reyes, plaintiffs "outlined a process for brief evidentiary proceedings

21

that would allow for streamlined determinations of individual claims in the event that Plaintiffs met their burden of proof as to Defendants' liability for wage and hour violations" which appears to have at least partially formed the basis for Magistrate Judge Reyes' finding of superiority. (Dkt. No. 51 at 16-17).

As set forth above, plaintiffs' claims will require an individualized assessment both as to whether there is an employment relationship with Food Bazaar and then as to the amount of damages for each individual class member, rendering it impossible for plaintiffs to represent the putative class on a representative basis. This fact alone indicates that the class action is not a superior method. *See, e.g., Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n.19 (5th Cir. 1996) ("The greater number of individual issues, the less likely superiority can be established" (citation omitted)); *but see Jacob*, 2013 U.S. Dist. LEXIS 111989.

Plaintiffs' assertion that "given the expense of litigation and the relatively small size of the numerous individual claims, many workers would be unable to pursue redress for their claims absent class certification" also is without merit. (Dkt. 42 at 23 (citation omitted)). In their Rule 26 Initial Disclosures, plaintiffs provided damage calculations for nine individuals. (Dkt. No. 43 at Ex. K). Eight of these individuals seek damages in excess of $100,000. (Ex. K). Clearly, the damages sought by plaintiffs provide sufficient incentive for plaintiffs to pursue their individual claims. *See Glazer v. Abercrombie & Kent, Inc*., No. 07 C 2284, 2008 U.S. Dist. LEXIS 91142, at *10 (N.D. Ill. Nov. 10, 2008) ("Six figure damage claims are sufficient incentive for people to initiate individual lawsuits."). Magistrate Judge Reyes' speculation that "other class members may have smaller claims based on shorter periods of employment" is pure conjecture and highly unlikely, since potential class members' claims have been tolled and there is a six-year statute of limitations for their minimum wage and overtime compensation claims.

22

Given the limitations period and plaintiffs' claim that they received no compensation for full-time employment, each class members' claims will likely be similar to the named plaintiffs.

Accordingly, plaintiffs have not established that a class action is a superior method for adjudicating their claims.

## CONCLUSION

For the foregoing reasons, Bogopa Service Corp and Hwee ILL Ahn respectfully request that the Court reject the Report & Recommendation of Magistrate Judge Reyes and deny plaintiffs' motion for class certification in its entirety.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
William P. McLane, Esq.
Michael T. Grosso, Esq.
Attorneys for Defendants
Bogopa Service Corp. and Hwee ILL Ahn


_____**/s/ William P. McLane**_____

Dated:  August 29, 2013                     William P.  McLane


Firmwide:122787879.1 052075.1021

23